[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The memorandum of decision filed by the court on May 12, 1993 adjudicated only the plaintiff's claim for damages and CT Page 5079 failed to discuss the defendant's counterclaim. The court therefore files this supplemental memorandum regarding the counterclaim.
In his counterclaim, the defendant alleges that the plaintiff engaged in an unfair or deceptive business practices in violation of the Connecticut Unfair Trade Practices Act, 42-110b
C.G.S., et seq., in his dealings with the defendant.
The complainant makes no factual allegation in his counterclaim to identify the conduct of the plaintiff alleged to constitute an unfair trade practice, but alleges only as follows:
 2. The plaintiff engaged in unfair and/or deceptive acts and practices prohibited by Sec. 42-110b of the Connecticut General Statutes in his dealing with the defendant in one or more of the following ways:
 a) he violated Sec. 20-418 et seq. of the Connecticut General Statutes;
 b) he violated Sec. 42-134a et seq. of the Connecticut General statutes.
The plaintiff sought no revision of this claim but denied its "material allegations."
The first statute invoked by the defendant is the Home Improvement Act, which requires persons performing home improvements to be registered and to comply with certain requirements as to the content and form of home improvement contracts.
The counterclaim issue raises the issue whether land surveyors who survey residential properties for potential subdivision are performing "home improvements" as defined by20-419(4) C.G.S. and whether they must be registered as home improvement contractors as well as being licensed as land surveyors. The court does not reach these issues, however, because the counterclaim is against an entity that has been found by this court not to have been the entity that sought to provide services to the defendant. The court has found that Richard Sullivan was acting on behalf of Looram Engineering, Inc., and not on behalf of Michael E. Looram, the plaintiff. The defendant has CT Page 5080 made no claim against Looram Engineering, Inc.
Since the court has concluded that the plaintiff was not a party to the transaction at issue and that Richard Sullivan was not acting on the plaintiff's behalf, there can be no basis for holding the plaintiff liable for a transaction with the defendant, since the named plaintiff was not shown to have been acting in the course of a trade or business or, indeed, acting at all in the events at issue.
Likewise, since the plaintiff has been determined not to have been the undisclosed principal in the transaction at issue, there can be no basis for finding that he violated the Home Solicitation Sales Act, 42-134a C.G.S. or that such a violation constituted a violation by him of the Unfair Trade Practices Act, since the court has found that it was not he who was engaged in "acts or in practices in the conduct of any trade or commerce" pursuant to 42-110b C.G.S. in the transactions at issue.
Judgment shall enter in favor of the plaintiff, Richard Looram, as to the counterclaim of the defendant.
Beverly J. Hodgson Judge of the Superior Court